JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Steven Makepeace, brings this appeal from the order of the trial court granting the plaintiff-appellee, the Anderson Township Historical Society, summary judgment on its petition to quiet title against him. According to allegations in the petition, Makepeace had threatened to file a declaratory-judgment action claiming that the historical society's interest in the property located at 1621 Marlou Lane was void.
Margaret C. Hartman previously owned the Marlou Lane property in fee simple. Hartman died testate on June 13, 1980, leaving a life estate in the property to her daughter, Florence Georgia Makepeace. The remainder in fee simple was left to the Board of Park Commissioners of the City of Cincinnati subject to the following condition: if the park board at any time was unwilling or failed to maintain the property as a park, it was to revert to the historical society, absolutely and in fee simple.
After Florence Makepeace died on September 29, 2002, Stephen Makepeace, her stepson, was appointed administrator of her estate. The estate was closed in February 2003, listing no real estate. A house on the Marlou Lane property was vacated, but, according to the historical society, a request for keys to the house was not honored. An affidavit to terminate the life estate was filed in the county recorder's office on April 21, 2003. In a meeting on April 24, 2003, the park board disclaimed any interest in maintaining the property as a park and consequently, on May 23, 2003, the city of Cincinnati, on behalf of its park board, conveyed the property by quitclaim deed to the historical society pursuant to its reversionary interest under Hartman's will.
The historical society moved for summary judgment on its petition to quiet title against Makepeace, asserting that both the Hartman and Florence Makepeace estates had been settled, and that Makepeace had absolutely no interest in the Marlou Lane property either in law or under the terms of the Hartman will. Including the affidavits submitted with its petition, the historical society supported its motion with, among other things, a copy of Hartman's will; a copy of an affidavit filed in the county recorder's office indicating that the life estate of Florence Makepeace had terminated on September 29, 2002; a letter from the park board of the city of Cincinnati dated March 3, 2003, in which the park board stated that the city would convey its rights to the property to the historical society pursuant to the society's reversionary interest under the Hartman will; a copy of the quitclaim deed given to the historical society by the city of Cincinnati on behalf of the park board.
On October 14, 2003, the trial court, finding Makepeace in default, quieted the title to the property against him. Two days later, Makepeace filed a motion to stay the execution of the judgment, claiming a failure of service. By order dated October 21, 2003, the court set aside the default judgment upon the condition that Makepeace file an answer on the same day. Makepeace filed an answer in which he asserted that the main issue between the parties concerned the interpretation of the Hartman will. Arguing that the probate court had exclusive jurisdiction of any case involving will construction, he requested that the trial court dismiss the action for want of jurisdiction. Alternately, he requested that the court either "name the additional parties necessary to settle all issues" or declare him the owner of the property.
The next day, Makepeace filed a separate motion to dismiss for lack of jurisdiction. He argued that since the city of Cincinnati, not the park board, had signed the quitclaim deed to the historical society, there was some question regarding ownership of the property that could not be resolved "without further reference to the will of Hartman," and that the probate court had exclusive jurisdiction over such matters. In response to the historical society's summary-judgment motion, Makepeace submitted a copy of the certificate of transfer of the property from the Hartman estate to the park board and a copy of the quitclaim deed transferring the property from the city of Cincinnati to the historical society. On October 29, 2003, he moved for additional time to file evidence in opposition to the historical society's motion. He asserted that the park board and the city of Cincinnati were not synonymous for the purposes of the property conveyance, and that he needed additional time to submit evidence that the park board, the grantee under the Hartman will, was not an incorporated entity capable of taking or conveying the property.
On October 30, 2003, the historical society filed a memorandum in opposition to Makepeace's motion to dismiss, arguing that the Hartman will had been probated and the estate closed many years before, and that under no legal scenario could Makepeace claim any interest in the property.
On February 17, 2004, the trial court overruled the motion to dismiss and granted summary judgment to the historical society. The court concluded that a clear reading of the Hartman will demonstrated that the historical society properly owned the land in question, and that, in any case, there were no provisions in the will that would have allowed the land to revert to Hartman's heirs, including Makepeace. Therefore, the court quieted title to the property against Makepeace and anyone claiming under him.
In his first assignment of error, Makepeace argues that the probate court had exclusive jurisdiction of the issues raised in this case. In his view, it was necessary to construe the Hartman will in order to quiet title against him. We disagree. No construction of the will was necessary. The will was clear. Makepeace was never left an interest in the property.
A similar argument to Makepeace's was raised in Ohio NorthernUniversity v. Ramga (July 12, 1990), 3rd Dist. No. 2-88-1, in which the plaintiffs had filed an action to quiet title in the court of common pleas. The defendant asserted that an ambiguity in the terms of the will by which the land had been devised to the plaintiffs necessarily required an action to construe the will, thus creating a dispute solely within the jurisdiction of the probate court. The Third Appellate District rejected this argument, holding that when the interpretation of a will is incidental to the issues raised, the common pleas court's jurisdiction over actions to quiet title is left undisturbed. See R.C. 5303.01. The Third Appellate District stated, "[I]ncidental to its general power to determine the legal title of the real estate in dispute, the common pleas court has the power and authority to interpret the will of [the testator]. The terms of [the] will are very explicit and in order to quiet title, the common pleas court needed only to ensure that the conditions subsequent, as set forth in the devise, had been met."
We find this to be exactly the case here. The trial court did not have to construe the Hartman will but merely had to read it along with the certificate of transfer from the probate court. The only other task before the trial court was to assure itself that Florence Makepeace had died, thus ending her life estate, and that the park board had disclaimed any interest in using the property as a park. At that point, the court had before it the quitclaim deed from the city of Cincinnati to the historical society and absolutely no evidence that Makepeace had any interest in the property whatsoever. The first assignment of error is overruled.
In his second assignment of error, Makepeace argues that the trial court should have granted his request for additional time to respond to the historical society's motion for summary judgment. Makepeace requested that the court grant him additional time to produce evidence to show that the park board was not a legal entity that could have held or conveyed the property in question, and that the quitclaim deed from the city of Cincinnati on behalf of the park board was not valid. We agree with the historical society, however, that Makepeace did not present any evidence to show that he could have conceivably claimed any interest in the property superior to that of its own.
Finally, Makepeace argues that the historical society was not entitled to summary judgment, apparently on the belief that the quitclaim deed by the city of Cincinnati on behalf of the park board was insufficient in law. We perceive no legal impediment, however, to the city of Cincinnati acting on behalf of its own park board.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.